JOSEPH A. LEPERA (SBN 207615)
PATRICK A. HORMILLOSA (SBN 293000)
DONEL R. LOPEZ (SBN 323744)
LEPERA + ASSOCIATES, PC
601 Montgomery Street – Suite 665
San Francisco, California 94111
Telephone: (415) 362-2529
Facsimile: (415) 362-9022
Email: joseph@leperalaw.com
Email: patrick@leperalaw.com
Email: donel@leperalaw.com

Attorneys for Defendant
EQUISOLAR, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLISON L. JAVITCH,<br><br>              Plaintiffs,<br><br>v.<br><br>SILVERLINE HOME REMODELING INC., DBA SILVERLINE SOLAR, a California Corporation, SIMPLY SOLAR, a California Corporation, EQUISOLAR, INC., a California Corporation, JOHN DOES 1, an unknown business entity,<br><br>              Defendants. | Case No.: 4:19-CV-04794 JST<br><br>**DEFENDANT EQUISOLAR, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:      March 25, 2020<br>Time:     2:00 p.m.<br>Crtrm:    6<br>Judge:    Hon. Jon S. Tigar<br><br>Complaint Filed:    August 14, 2019<br>Trial Date:           Not Yet Set. |

**TABLE OF CONTENTS**

I.   INTRODUCTION ..........................................................................................................................1

II.  FACTUAL ALLEGATIONS .......................................................................................................1

III. LEGAL ARGUMENT ..................................................................................................................2

   A.   Pleading Standard. .............................................................................................................2

   B.   Plaintiff's Conclusory Allegations Regarding Use of an ATDS Are Legally
        Insufficient to State a TCPA ..............................................................................................3

   C.   Plaintiff Fails to Plead Sufficient Facts to Plausibly Allege Equisolar Had
        an Agency Relationship with John Doe 1 Who Placed the Alleged Calls
        to Plaintiff...........................................................................................................................4

   D.   Plaintiff Fails to Plead Sufficient Facts to Plausibly Allege Claims for
        Violation of California Civil Code § 1770(a)(22)(A) and Negligence ........................7

IV.  CONCLUSION..............................................................................................................................7

i

*Allison L. Javitch v. Silverline Home Remodeling Inc., dba Silverline Solar, et al.* - Case No.: 4:19-CV-04794 JST
DEFENDANT EQUISOLAR INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

LEPERA + ASSOCIATES, PC
601 Montgomery Street – Suite 665
San Francisco, CA 94111

# TABLE OF AUTHORITIES

Page(s)

**Cases**

ACA Int'l v. FCC
    (D.C. Cir. 2018) 885 F.3d 687 ................................................................................................ 3

Ashcroft v. Iqbal
    (2009) 55 U.S. 662 ................................................................................................................. 2

Batzel v. Smith
    (9th Cir. 2003) 333 F.3d 1018 ............................................................................................... 6

Breazale v. Victim Servs., Inc.
    (9th Cir. 2017) 878 F.3d 759 ................................................................................................. 6

Gomez v. Campbell-Ewald, Co.
    (9th Cir. 2014) 768 F.3d 871 ............................................................................................. 4, 5

Herrick v. GoDaddy.com
    (D. Ariz. May 14, 2018) 312 F. Supp. 3d 792 ...................................................................... 3

Jones v. Royal Admin. Servs., Inc.
    (9th Cir. 2010) 608 F.3d 495 ................................................................................................. 5

Mendez v. Optio Solutions, LLC
    (S.D. Cal. 2016) 219 F. Supp. 3d 1012 ................................................................................. 2

Meyer v. Portfolio Recovery Assocs.
    (9th Cir. 2012) 707 F.3d 1036 ............................................................................................... 3

Navarro v. Block
    (9th Cir. 2001) 250 F.3d 729 ................................................................................................. 2

N.L.R.B. v. Dist. Council of Iron Workers of the State of Cal. & Vicinity
    (9th Cir. 1997) 124 F.3d 1094 ............................................................................................ 5, 6

Thomas v. Taco Bell Corp.
    (9th Cir. 2014) 582 Fed. Appx. 678 ...................................................................................... 5

United States v. Bonds
    (9th Cir. 2010) 608 F.3d 495 ................................................................................................. 5

ii

*Allison L. Javitch v. Silverline Home Remodeling Inc., dba Silverline Solar, et al.* - Case No.: 4:19-CV-04794 JST
DEFENDANT EQUISOLAR INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

**Unpublished Cases**

Abante Rooter & Plumbing v. Farmers Grp., Inc.
   (N.D. Cal. Jan. 4, 2018) No. 17-cv-03315-PJH, 2018 WL 288055 ........................................... 5, 6

Naiman v. TranzVia LLC
   (N.D. Cal. Dec. 4, 2017) No. 17-cv-4813-PJH, 2017 WL 5992123 ............................................ 6

**FCC Rulings**

DISH Network, LLC
   (2013) 28 FCC Rcd. 6574 ........................................................................................................... 4, 5

Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991
   (2015) 30 FCC Rcd. 7961 ............................................................................................................ 4

**Federal Statutes**

Fed. R. Civ. P. § 8 ................................................................................................................................. 2

47 U.S.C. § 227 ..................................................................................................................................... 3

**State Statutes**

Cal. Civ. Code § 1770 ........................................................................................................................... 7

**Secondary Sources**

Restatement (Third) Agency § 1.01 ..................................................................................................... 5

LEPERA + ASSOCIATES, PC
601 Montgomery Street – Suite 665
San Francisco, CA 94111

iii

*Allison L. Javitch v. Silverline Home Remodeling Inc., dba Silverline Solar, et al.* - Case No.: 4:19-CV-04794 JST
**DEFENDANT EQUISOLAR INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on March 25, 2020 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 6 of the above-captioned Court, located at 1301 Clay Street, Oakland, California 94612, Defendant EQUISOLAR, INC. ("Equisolar") will move to dismiss this action under Federal Rules of Civil Procedure 8(a) and 12(b)(6) on the grounds that Plaintiff ALLISON L. JAVITCH's ("Plaintiff") First Amended Complaint fails to state claims under which relief may be granted. This motion is based on this notice of motion, the supporting memorandum of points and authorities, and the pleadings and records on file with the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff attempts to bring a claim pursuant to the Telephone Consumer Protection Act ("TCPA") against Equisolar, Defendant SILVERLINE HOME REMODELING INC., DBA SILVERLINE SOLAR ("Silverline"), and SIMPLY SOLAR ("Simply"), for allegedly making unauthorized calls that play prerecorded voice messages to cellular telephones via John Doe 1. But, Plaintiff fails to plausibly allege that Equisolar used an automatic telephone dialing system ("ATDS") to make the purported calls. Further, Plaintiff fails to plead sufficient facts to demonstrate an agency relationship between Equisolar and John Doe 1. For these reasons and those described below, the Court should dismiss Plaintiff's First Amended Complaint.

## II.   FACTUAL ALLEGATIONS

Plaintiff alleges that in the course of selling solar panels on behalf of Defendants, their agent John Doe 1, placed calls employing a prerecorded voice message to Plaintiff's cell phone. (Plaintiff's First Amended Complaint, ECF No. 31, ("First Amd. Compl.") ¶ 2.) Plaintiff further contends that in order to increase their sales of solar panels, Defendants hired John Doe 1 to market their products and that John Doe 1 placed calls using prerecorded voice messages to Plaintiff. (*Id.* at ¶¶ 19-20.)

1  On July 1, 2019, Plaintiff claims that she received 5 telephone calls to her cellular
2  telephone. (First Amd. Compl. ¶ 21.) Plaintiff answered one of the calls and claims to have to
3  have spoken with a prerecorded message, which offered to provide solar solutions to qualified
4  homeowners. Plaintiff was subsequently connected her to a live representative for John Doe 1.
5  (*Id*. at ¶¶ 23-24.) The live representative did not identify the name of the company he worked
6  for. (*Id*. at ¶ 26.)

7  On July 2, 2019, Plaintiff received a telephone call and e-mail from Simply. Plaintiff also
8  received a text message from Silverline. (First Amd. Compl. ¶¶ 28-30.)

9  On July 3, 2019, Plaintiff contends that she received a call from Equisolar following up
10  on an earlier call regarding solar panel installation. (First Amd. Compl. ¶¶ 31-32.)

### III. LEGAL ARGUMENT

#### A. Pleading Standard.

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint." *Mendez v. Optio Solutions, LLC*, 219 F. Supp. 3d 1012, 1014 (S.D. Cal. 2016) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff must also plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citation omitted; brackets in original). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (citations omitted).

//

LEPERA + ASSOCIATES, PC
601 Montgomery Street – Suite 665
San Francisco, CA 94111

2

*Allison L. Javitch v. Silverline Home Remodeling Inc., dba Silverline Solar, et al.* - **Case No.: 4:19-CV-04794 JST**
**DEFENDANT EQUISOLAR INC.'S MOTION TO DISMISS COMPLAINT;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

### B. Plaintiff's Conclusory Allegations Regarding Use of an ATDS Are Legally Insufficient to State a TCPA Claim.

"The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). As used in the TCPA, "'automatic telephone dialing system' means equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

The D.C. Circuit recently provided guidance on this second element—the use of an ATDS. *ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018). In striking down the FCC's "utterly unreasonable" expansive interpretation of an ATDS in its 2015 Declaratory Ruling and Order, the D.C. Circuit emphasized that the statutory definition of an ATDS does not encompass all smartphones or "commonplace phone device[s] used every day." *Id*. at 699. Rather, the "statutory definition says that a device constitutes an ATDS if it has the capacity to perform both of two enumerated functions: 'to store or produce telephone numbers to be called, using a random or sequential number generator'; and 'to dial such numbers.'" *Id*. at 701 (quoting 47 U.S.C. § 227(a)(1)(A)-(B)). The D.C. Circuit held that the FCC's 2015 Order "falls short of reasoned decisionmaking in 'offer[ing] no meaningful guidance' to affected parties in material respects on whether their equipment is subject to the statute's autodialer restrictions." *Id*. at 701 (internal citation omitted); *see also, e.g., Herrick v. GoDaddy.com*, 312 F. Supp. 3d 792, 800 (D. Ariz. May 14, 2018) (declining to construe equipment that "merely stores or produces telephone numbers in a database" as an ATDS "in light of the *ACA Int'l* decision").

Here, Plaintiff's Amended Complaint fails to cite sufficient facts to plausibly allege that Equisolar utilized an ATDS. Plaintiff's allegations pertaining to the call from Equisolar on July 3, 2019 does not contain any facts that demonstrate an ATDS, with the capacity to store numbers and to dial such numbers, was used by Equisolar in making the telephone call. Despite allegations that the initial telephone calls to Plaintiff were sent on behalf of Equisolar through

John Doe 1, the Amended Complaint is devoid of any facts that could support a reasonable inference that Equisolar used an ATDS to place the telephone calls to Plaintiff. As such, Plaintiff's claims should be dismissed.

### C. Plaintiff Fails to Plead Sufficient Facts to Plausibly Allege Equisolar Had an Agency Relationship with John Doe 1 Who Placed the Alleged Calls to Plaintiff.

To make a call under the TCPA, the defendant must directly make the call, or have an agency relationship with the party who made the call. *Gomez v. Campbell-Ewald, Co.*, 768 F.3d 871, 877-79 (9th Cir. 2014) (discussing the circumstances when liability can attach under the TCPA). A defendant may be vicariously liable for a TCPA violation where an agency relationship is established. *Id*. A person or entity "initiates" a call "when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities . . . that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *DISH Network, LLC*, 28 FCC Rcd. 6574, 6583 (2013). Courts are instructed to look to "the totality of the facts and circumstances surrounding the placing of a particular call" to determine "who took the steps necessary to physically place the call" and "whether another person or entity was so involved in placing the call as to be deemed to have initiated it, considering the goals and purposes of the TCPA." *Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7980 (2015) ("2015 FCC Order").

Here, as discussed above, Plaintiff has failed to state sufficient facts to demonstrate that an ATDS was used by Equisolar to make the telephone call on July 3, 2019, which cannot be considered a violation of the TCPA. Moreover, while Plaintiff alleges that Equisloar made unauthorized calls to her that played prerecorded messages via John Doe 1, Plaintiff also alleges that Silverline and Simply also made the same unauthorized calls. Plaintiff fails to plead any facts to demonstrate that Equisolar initiated the telephone calls from John Doe 1 other than generally contending that the John Doe 1 placed calls on behalf of all Defendants. The totality of the facts and circumstances surrounding the placing the 5 telephone calls to Plaintiff

4

*Allison L. Javitch v. Silverline Home Remodeling Inc., dba Silverline Solar, et al.* - Case No.: 4:19-CV-04794 JST
**DEFENDANT EQUISOLAR INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

1  are vague and ambiguous to the extent that either Simply and/or Silverline were so involved in
2  placing the calls as to be deemed to have initiated such calls. Thus, Plaintiff has not alleged a
3  direct connection between Equisolar and the making of the unauthorized calls.

4  A complaint alleging a violation of the Telephone Consumer Protection Act can raise both direct and vicarious theories of liability. *See Thomas v. Taco Bell Corp.*, 582 Fed.Appx. 678 (9th Cir. 2014). "[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014). "An agent is one who 'act[s] on the principal's behalf and subject to the principal's control.'" *United States v. Bonds*, 608 F.3d 495, 506 (9th Cir. 2010) (quoting Restatement (Third) Agency § 1.01). "Apparent authority arises from the principal's manifestations to a third party that supplies a reasonable basis that party to believe that the principal has authorized the alleged agent to do the act in question." *N.L.R.B. v. Dist. Council of Iron Workers of the State of Cal. & Vicinity*, 124 F.3d 1094, 1098 (9th Cir. 1997).

"'Three theories of agency could support vicarious liability: (1) actual authority; (2) apparent authority; and (3) ratification.'" *Abante Rooter & Plumbing v. Farmers Grp., Inc.*, No. 17-cv-03315-PJH, 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018) (quoting *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014) (citing *In the Matter of the Joint Petition filed by Dish Network, LLC*, 28 FCC Rcd. at 6590 n. 124)). Plaintiff's allegations do not support the existence of an agency relationship under any theory.

To establish "actual authority," plaintiffs "must do more than establish an agency relationship. They must also establish actual authority to place the unlawful calls." *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 449 (9th Cir. 2018). This requires an agent "who 'act[s] on the principal's behalf and subject to the principal's control.'" *Abante*, 2018 WL 288055, at *5 (quoting *United States v. Bonds*, 608 F.3d 495, 506 (9th Cir. 2010) (quoting Restatement (Third) Agency § 1.01)); *see also Thomas*, 879 F. Supp. 2d at 1085. Plaintiff generally contends that there was an understanding that Defendants all controlled John Doe 1 by specifying the

5

criteria of potential customers to sell to after they had been called. But, Plaintiff's Amended Complaint does not contain allegations regarding a specific request, instruction, or command by Equisolar as to the making of the unsolicited calls outside of these general and overbroad allegations.

Plaintiff also fails to allege facts to support an agency relationship under an "'apparent authority'" theory, which "'arises from the principal's manifestations to a third party that supplies a reasonable basis for that party to believe that the principal has authorized the alleged agent to do the act in question'"; it "is not sufficient to allege that the purported agent 'claimed authority or purported to exercise it.'" *Abante*, 2018 WL 288055, at *5 (quoting *N.L.R.B. v. Dist. Council of Iron Workers of the State of Cal. & Vicinity*, 124 F.3d 1094, 1098 (9th Cir. 1997)). Again, Plaintiff generally alleges that Defendants authorized John Doe 1 to generate prospective customers for them but provides no facts regarding whether Equisolar specifically authorized John Doe 1 to make the alleged calls. The plausibility standard requires more than a mere possibility that Equisolar, along with Silverline and Simply, authorized John Doe 1 to make the calls.

Further, Plaintiff has not sufficiently alleged that Equisolar is liable under a ratification theory, because "the principal-agent relationship is still a requisite, and ratification can have no meaning without it." *Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir. 2003), superseded by statute on other grounds as stated by *Breazale v. Victim Servs., Inc.*, 878 F.3d 759, 767 (9th Cir. 2017); *Abante*, 2018 WL 288055, at *4. In addition, Plaintiff has not alleged facts sufficient to allow the court to reasonably infer that Equisolar knew that John Doe 1 violated the TCPA and that it knowingly accepted the benefits of this violation, as a ratification theory also requires. *Naiman v. TranzVia LLC*, No. 17-CV-4813-PJH, 2017 WL 5992123, at *13 (N.D. Cal. Dec. 4, 2017)

Accordingly, Plaintiff's Complaint lacks any plausible allegations to establish Equisolar's liability under an agency theory.

Finally, Plaintiff contends that Defendants are liable pursuant to theories of joint

6

enterprise and acting in concert. But, Plaintiff's contentions are supported merely by labels and conclusions pursuant to these theories as the Amended Complaint alleges that Defendants were all part of a common enterprise and part of a common design to robocall consumers for the purposes of selling them solar panels. These conclusory statements fail to meet the plausibility pleading requirements.

### D. Plaintiff Fails to Plead Sufficient Facts to Plausibly Allege Claims for Violation of California Civil Code § 1770(a)(22)(A) and Negligence.

Cal. Civ. Code §1770(a)(22)(A) prohibits "[d]isseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, the address or the telephone number of the caller, and without first obtaining the consent of that person to listen to the prerecorded message." Plaintiff contends that Defendants are also vicariously liable pursuant to this statute. But, for the reasons discussed above, Plaintiff has failed to plead any plausible allegations to establish Equisolar's liability under such theory as there are no facts to demonstrate that Equisolar initiated the prerecorded telephone calls to Plaintiff.

Further, Plaintiff contends that Defendants were negligent in breaching their duty to ensure that their prospective customers were not contacted pursuant to illegal robocalling. But, this cause of action is inconsistent with Plaintiff's allegations that Defendants intentionally authorized the calls to Plaintiff. Additionally, Plaintiff's Complaint fails to allege facts to show that Equisolar breached a duty owed to Plaintiff as a result of the telephone calls she received from John Doe 1 aside from the conclusory allegation that Defendants violated their duty by using illegal robocalling in their sales process. As such, Plaintiff has failed to plead any plausible allegations to establish Equisolar's liability under a negligence cause of action.

### IV. CONCLUSION

For all the reasons stated above and in the accompanying filings, Plaintiff's First Amended Complaint fails to comply with the basic pleading requirements of Rule 8, and

7

therefore must be dismissed pursuant to Rule 12(b)(6). Accordingly, Defendant EQUISOLAR, INC. requests that the Court grant its motion to dismiss Plaintiff's First Amended Complaint with prejudice.

DATED: November 20, 2019                    Respectfully Submitted,

                                                  LEPERA + ASSOCIATES, PC

                                                  By: /s/    Patrick A. Hormillosa
                                                      Patrick A. Hormillosa
                                                      Attorneys for Defendant
                                                      EQUISOLAR, INC.

8

*Allison L. Javitch v. Silverline Home Remodeling Inc., dba Silverline Solar, et al.* - **Case No.: 4:19-CV-04794 JST**
**DEFENDANT EQUISOLAR INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**